**Ex parte JORDAN.**

No. 9326.

United States Court of Appeals
District of Columbia.

Argued Oct. 10, 1946.

Decided Nov. 12, 1946.

Mr. H. Mason Welch, of Washington, D. C., (appointed by this Court) for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

In December, 1944, appellant was convicted of robbery in the District of Columbia and was sentenced to confinement in the penitentiary. Thereafter he was found to be of unsound mind and committed to St. Elizabeth's Hospital. In the latter part of January, 1946, he applied to the United States District Court for a writ of habeas corpus. The writ issued, counsel was appointed to represent petitioner (appellant) and a hearing had before Judge Bailey April 5, 1946. At the conclusion of the hearing the writ was discharged and petitioner remanded to the custody of the superintendent of the hospital. Approximately five weeks later petitioner tendered to the same judge a second petition for habeas corpus, which Judge Bailey, after considering, endorsed: "Denied. Hearing on similar writ April 5, 1946."

Petitioner then brought this appeal. The record does not contain a copy of the former petition, but in the light of Judge Bailey's statement that it was "similar" to the one we have here, it is obvious it was based wholly on the allegation that the petitioner was of sound mind. For appellant's present petition rests on that allegation alone, and the affidavit filed with it contains nothing, directly or by inference, to indicate an alteration in appellant's mental state since the hearing on the first petition; and that much, at least, we think should be required.

Therefore, there is nothing now shown that was not previously considered. In this view, the single question is whether Judge Bailey had, in the exercise of judicial discretion, a right to deny leave to file, since upon its face the petition states a proper case for the writ. Counsel argues with great earnestness that the answer should be that the writ must issue of right. But we think this does not follow.

Undoubtedly, it is true that even in the most desperate types of insanity and those in which the prognosis is apparently hopeless, there may be opportunity of recovery, but this mere possibility certainly is not of itself enough. If it were, then every insane person might file a new but similar petition every week, have the matter re-

ferred to the Commission on Mental Health and receive a court hearing. Certainly the ends of justice do not require us to go to this length. In short, to hold that the trial court is without any discretion to look at its own record or to consider its own prior determination of the same issue would not only fail to dispose of the petition "as law and justice [may] require,"[1] but would inevitably invite a clogging of the court's dockets in a degree seriously militating against the proper administration of justice. This fact we recognized and undertook to prevent in Dorsey v. Gill, 80 U.S.App.D.C. 9, 21, 22, 148 F.2d 857, 869, 870, where we said: "If a prior application for a writ of habeas corpus has been made, in the same case, by the petitioner, or in his behalf, * * * the petition should so state and such other facts and documents should be set out as will allow the judge properly to determine whether the issues presented by the present petition were decided in a former proceeding; thus enabling him to exercise his discretion accordingly. Though the doctrine of res judicata does not apply to habeas corpus cases, the fact that the same issues have been decided in a former proceeding may, and sometimes should, as a matter of judicial discretion, be given controlling weight. If, for example, the judge, to whom is presented a petition, together with a request for leave to file, ascertains that petitioner has on a previous petition had a full hearing upon the same identical allegations, it would follow that leave to file the second petition should be denied."

To this, perhaps, should be added that if a petitioner were originally committed in a lunacy proceeding, properly commenced and carried out, and the judge to whom the petition for habeas corpus is subsequently presented is satisfied, upon a proper allegation of a change in mental condition, that a showing of present sanity is made, he should order the proceedings reopened to determine that issue. And precisely that is what Judge Bailey did at the April hearing. Having then reached the conclusion that there was no change in appellant's mental condition, his refusal to reopen that question on the same allegations, five or six weeks later, was entirely proper in the exercise of a sound judicial discretion.

Affirmed.

---

[1] Rev.Stat.1875, § 761, 28 U.S.C.A. § 461.